IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Charles B. Moore, Jr., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:24-cv-01753-TMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Charles B. Moore, Jr. ("Petitioner"), a state pretrial detainee, submitted for filing a document entitled "(Emergency) Writ of Habeas Corpus." (ECF No. 1). This document did not list any parties, nor was it on the appropriate habeas corpus forms. In that document, Petitioner asserted that he "need[ed to be] released from jail." *Id.* at 1. He indicated that he was "being held captive in this jail on purpose by the powers that be 1) Fusion 2) Psyche 3) The State of South Carolina, Lexington, South Carolina Officers Acting Under Color of State Law (NASA) as well as National law." *Id.* at 1–2. He further asserts that "attempts have been made on [his] life e.g. from space spraying corona or some form of disease into [his] face, mouth, body from a realm other than physical"; that "attempts have been made by foreign involvement" and that there have been "strange occurrences" with his roommates coming and going "abnormally fast." *Id.* at 2.

Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Rule 73.02(B)(2)(e), this case was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that this court dismiss this action without prejudice and without issuance and service of process due to its

frivolous nature. (ECF No. 6). The magistrate judge informed Petitioner of his right to file objections to the Report. *Id*. at 4. Petitioner filed timely objections. (ECF No. 9). The same day, Petitioner filed a motion to appoint counsel.[1] (ECF No. 10).

## STANDARD OF REVIEW

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or

---

[1] Petitioner's initial filing also contained a request for the appointment of counsel. (ECF No. 1 at 2).

modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

As noted by the magistrate judge in his Report, Petitioner did not name any Respondent to this action, nor did he move for *in forma pauperis* status or pay a filing fee. (ECF No. 6 at 1 n. 1). However, "[i]n the interest of judicial economy and expediency and due to the frivolous nature of Petitioner's filing," the magistrate judge recommended that the filing fee be suspended. *Id.* The magistrate judge indicated that "[a]n action is frivolous when it is 'clearly baseless' and includes allegations that are 'fanciful,' 'fantastic,' or 'delusional.'" *Id.* at 2 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). The magistrate judge deemed Petitioner's arguments to be frivolous, and, thus recommended summary dismissal of the petition. *Id.*

In his objections, Petitioner once again asks for the appointment of counsel, this time indicating that he has "been diagnosed as mentally ill and incompetent in matters pertaining to law." (ECF No. 9 at 1). He further takes issue with the magistrate judge stating that he had not named a Respondent to the case, arguing that "fusion is a company so is Psyche and NASA and are being named parties in this complaint and matters of plaintiff being molested or even effected by either of these companies or their experiments [See: Sup Ct. Case NASA humanoid hand." *Id.* at 1–2. He further indicates in his objections that the "porno industry personnel who is suspected by Plaintiff of having involvements with fusion" has sexually molested him through 3D gaming systems and that fusion "has an office on the beach" where Petitioner was previously "locked up." *Id.* at 2. Finally, though not referenced in his initial filings, Petitioner now challenges the speed in which he was given a preliminary hearing for his case in which he was charged with a violation of South Carolina Code Ann. § 16-13-1080(b) in Myrtle Beach as well as how many times his public defender has visited him. *Id.* at 3.

As an initial matter, the court finds it prudent to address Petitioner's appointment of counsel request. The Fourth Circuit has indicated that "district courts have discretion to appoint counsel in

civil cases and abuse that discretion by declining to do so 'where the case of an indigent person presents exceptional circumstances.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024). "[A] district court must conduct a fact specific, two- part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel. That inquiry requires the court to determine (1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Id.* (internal citations omitted). If *both* questions are answered affirmatively, the case presents exceptional circumstances." *Id.* (emphasis added).

Because of the frivolous nature of the claims presented here, Petitioner does not have a 'colorable claim' that would support a finding of exceptional circumstances warranting appointment of counsel. Even with the benefit of liberal construction, Petitioner's claims regarding NASA, Fusion, and Psyche are nonsensical and fantastical and do not raise any cognizable claim for habeas relief. His objections further reiterate the outlandish nature of his assertions and do not cure the deficiencies noted in the Report.

As for his claims regarding his alleged due process violations, these claims were raised in his *objections* to the Report – not in his initial filings. Nonetheless, even if the court did consider these claims, the court takes judicial notice that the case against Petitioner in Horry County for receiving stolen goods in violation of South Carolina Code Ann. § 16-13-1080(b) was dismissed on May 20, 2022. *See State v. Charles Boyd Moore Jr*., 2020A2620700651 (Fifteenth Judicial Circuit General Sessions, May 20, 2022); South Carolina Public Index Search, https://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency=26001&Casenum=2020A2620700651&CaseType=C&HKey=57491081035111110774119102521171065486835699115978455114545170721036784114871195176781118979718398669 (last

visited Dec. 19, 2024). According to the Public Index, Petitioner has no pending cases in Horry County, nor is he currently serving any sentence pursuant to a case brought in Horry County.

Because Petitioner's claims are frivolous and do not raise any colorable claim for relief, the court declines to appoint counsel in this case. As Petitioner's claims are frivolous, they are subject to summary dismissal, and the court overrules Petitioner's objections.

Having thoroughly reviewed the Report and record under the appropriate standards, the court **ADOPTS** the Report (ECF No. 6) and incorporates it herein. Therefore, this action is **DISMISSED** without prejudice and without service of process. The motion to appoint counsel (ECF No. 10) is **DENIED**.[2]

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                            s/Timothy M. Cain
                                                            United States District Judge

Anderson, South Carolina
December 30, 2024

---

[2] A certificate of appealability is not required for appeal of the court's denial of the motion to appoint counsel. As such, Petitioner is hereby notified of right to appeal such ruling pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.